IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY D. LONG,

           Plaintiff,

v.                             CIVIL ACTION NO.   2:15-cv-01202

NATIONSTAR MORTGAGE LLC,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Amend Complaint. (ECF 7.) For the reasons discussed herein, the Court **GRANTS** this motion.

Plaintiff filed his Complaint in the Circuit Court of Nicholas County, West Virginia, on December 10, 2014. (ECF 1-1.) On January 28, 2015, Defendant removed the case to this Court, (ECF 1), and attached its Answer to the Notice of Removal, (ECF 3).

On March 27, 2015, Plaintiff filed the Motion to Amend Complaint, which seeks amendment "to assert claims pursuant to Federal Rule of Civil Procedure 23 and add additional individual claims under the West Virginia Consumer Credit Protection Act." (ECF 7 at 1.) Plaintiff attached the proposed amended complaint to the Motion to Amend Complaint. (*See* ECF 7-1.) On April 17, 2015, Plaintiff filed a proposed order, which notes that "[D]efendant has determined not to oppose [the Motion to Amend Complaint] and agrees the amendment should be allowed." (ECF 10.)

Federal Rule of Civil Procedure 15 permits amendment of a complaint more than twenty-one days following the service of a responsive pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Under Rule 15(a), "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). This liberal amendment approach "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Id.* (internal quotation marks and citation omitted).

The Court finds that Plaintiff's amendment of the operative complaint would not be prejudicial to the opposing party, there is no indication in the record that Plaintiff has acted in bad faith, and the Court is not aware of any evidence indicating the amendment would be futile. Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend Complaint. (ECF 7.) The Court **ORDERS** that Plaintiff's proposed amended complaint, (ECF 7-1), is substituted as the operative complaint in this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    May 14, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE