**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANTHONY D. LONG,

                Plaintiff,

v.                                   CIVIL ACTION NO.  2:15-cv-01202

NATIONSTAR MORTGAGE LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the parties' cross-motions for partial summary judgment.[1] (ECF No. 75; ECF No. 80.)   Also pending before the Court is Plaintiff's motion for class certification.[2]   (ECF No. 78.)   For the reasons discussed more fully below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for partial summary judgment.   (ECF No. 75.)   The Court also **DENIES IN PART** Plaintiff's motion for partial summary judgment.   (ECF No. 80.)   The Court further **DENIES** Plaintiff's motion for class certification.   (ECF No. 78.)

---

[1] In addition to its above partial motion for summary judgment, Defendant also filed a motion to strike Plaintiff's Memorandum in Support of his Motion for Class Certification and the Declaration of Sarah Brown in Support of Plaintiff's Motion for Class Certification. (ECF No. 87.)   Defendant argues that Plaintiff's memorandum of law exceeded the page limitation in Local Rule of Civil Procedure 7.1(a)(2).   (ECF No. 88 at 2.)   Defendant further argues that Sarah Brown's declaration should be stricken because it is not signed.   (*Id.* at 3.)   Plaintiff's explanation as to why he failed to follow the Local Rules exactly show that the failure was not an attempt to circumvent the rules in any way.   The Court does not find that there is good cause to strike Plaintiff's memorandum and Sarah Brown's declaration and thus **DENIES** Defendant's motion to strike.   (ECF No. 87.)

[2] In conjunction with his motion for class certification, Plaintiff filed a motion to seal attached exhibits.   (ECF No. 79.)   Due to the sensitive information contained in the exhibits in question, the Court **GRANTS** Plaintiff's motion to seal and **ORDERS** that the exhibits attached to ECF No. 79 remain under seal.   (ECF No. 79.)   Also pending before the Court is the parties' joint motion for a telephonic conference to discuss the possible deferral of pretrial and trial deadlines until the Court renders a decision on the present motions.   (ECF No. 102.)   As this memorandum opinion and order decides those motions, the Court **DENIES AS MOOT** the parties' joint motion.   (ECF No. 102.)

*I.   BACKGROUND*

This action arises from a dispute between Plaintiff Anthony Long ("Long") and his loan servicer, Defendant Nationstar Mortgage, LLC ("Nationstar"), regarding allegations of illegal debt collection.

In 2007, Long purchased a home and financed it with a loan from Flagstar Bank.  (*See* ECF No. 76 at ¶ 1.)  On October 1, 2009, Flagstar Bank transferred the servicing of Long's mortgage to Nationstar.  (*Id.* at ¶ 4.)   In December of 2009, because Long was struggling to make his payments, Nationstar agreed to a loan modification that would reduce the interest rate on Long's loan.  (*Id.* at ¶¶ 4–5.)  The Loan Modification Agreement was executed on January 5, 2010.  (*Id.*)

After the loan modification, Long continued to struggle to make regular mortgage payments and his home was scheduled for foreclosure on at least four separate occasions between 2011 and 2014.  (*See* ECF No. 82 at 2–6.)  Long alleges that on several occasions during this time period, Nationstar refused to accept Long's payments to reinstate the loan and attempted to collect attorneys' fees from him.  (*See* ECF No. 20 at ¶¶ 55–56, 59–60, 63, 66–67.)

On February 15, 2011, David Triplett ("Triplett") filed an action on behalf of himself and a class of similarly situated individuals against Nationstar alleging that Nationstar charged excessive late fees, failed and refused to credit loan payments, and collected or threatened to collect improper expenses, including attorneys' fees.  (*See Triplett v. Nationstar Mortgage, LLC,* Case No. 3:11-cv-238 at ECF No. 1-1.)  Triplett sought to certify five subclasses of West Virginia citizens whose loans were serviced by Nationstar sometime after February 15, 2010, including citizens whom Nationstar had charged attorneys' fees.   (*See id.* at ECF No. 43.)

Before certification of any class, Triplett and Nationstar reached a class-wide settlement. (*See* ECF No. 5 at ¶ 11.)   The Settlement Agreement sought to certify a class that included individuals who were sent form debt collection letters seeking payment for the "expenses of collection" and individuals who had made partial loan payments that were returned prior to the acceleration of their loan.   (Case No. 3:11-cv-238 at ECF No. 70-2 at 3 (Settlement Agreement).) This class included Long.   (*See* ECF No. 75-1 at 266 (Redacted Class Roster).)   United States District Judge Robert C. Chambers conditionally certified the settlement class and preliminarily approved the Settlement Agreement.   (Case No. 3:11-cv-238 at ECF No. 73.)

Pursuant to the Settlement Agreement, Nationstar sent a Notice of Proposed Class Settlement ("Notice") to all members of the settlement class, including Long.   (*See id.* at ECF No. 70-2.)   The Notice included information on class members' right to opt out of the settlement class or to object to the settlement.   (*See id.*)   It also advised class members that they had the right to make a claim for reimbursement of any default expenses, such as attorneys' fees, that were charged to their account.   (*See id.*)   The Notice also informed class members that they would not be able to "sue or continue to sue Nationstar about any legal claims they have or may have up until the Effective Date of the Settlement, arising out of, related to, or in any manner concerning or involving claims for charging excessive late fees, issuing demand letters demanding payment of 'expenses of collection,' returning partial loan payments prior to the date of acceleration, or default-related expenses."   (*See id.* at ECF No. 70-2 at 3.)   The Effective Date was defined as 31 days after entry of the Final Approval Order.   (*Id.* at ECF No 78.)   The Notice directed the class members to the Settlement Agreement for more information.   (*Id.* at ECF No. 70-2 at 3.)

The Notice was sent by first class mail to Long's address. (*See* ECF No. 91-1 at ¶ 8.) Long was not among the ten class members who had "known bad addresses" nor did the class administrator receive a notification that the Notice sent to Long was not delivered or received. (*Id.* at ¶¶ 10–11.) None of the class members, including Long, opted out of the class. (*Id.* at ¶ 12.)

On October 16, 2012, the Court entered the Final Approval Order. (Case No. 3:11-cv-238 at ECF No. 78.) On December 14, 2012, the class administrator remitted payment of $704.69 to Long. (ECF No. 76 at ¶ 22.) Long cashed the payout check a month later. (*Id.*) Thus, pursuant to the terms of the Settlement Agreement, Long released all claims against Nationstar relating to late fees, returned payments, and default-related fees, including attorneys' fees, arising on or before November 16, 2012. (*See* Case No. 3:11-cv-238 at ECF No. 70-2.)

Following the class settlement, Long continued to struggle to make payments on his mortgage and Nationstar once again brought foreclosure proceedings. Long alleges that in the time period following the settlement, Nationstar continued to demand legal fees and returned payments that Long submitted to cure the default on his mortgage. (*See* ECF No. 20 at ¶¶ 75–93.) Long's home was most recently scheduled for a foreclosure sale on October 7, 2014. (*See id.* at ¶ 90.) Before this date, Long attempted to make payments to cure the default, but Nationstar remitted these payments stating that they were insufficient. (*See* ECF No. 76 at ¶¶ 27–30.) However, the foreclosure sale was halted after Long appeared at the sale and paid the trustee. (*See* ECF No. 20 at ¶¶ 91–92.)

On December 10, 2014, Long filed the present action against Nationstar in the Circuit Court of Nicholas County, West Virginia, alleging multiple claims of illegal debt collection and

violations of law through the servicing of his mortgage. (*See* ECF No. 1-1.) On January 28, 2015, Nationstar timely removed this action to this Court. (*See* ECF No. 1.) Long subsequently moved the Court to amend his Complaint to convert one of his claims into three class claims. (ECF No. 7.) The Court granted the motion and Long's Amended Complaint was filed on May 7, 2015. (*See* ECF No. 16; ECF No. 20.)

The Amended Complaint alleges three class claims and seven individual claims for relief. The class claims are premised on the allegation that Nationstar routinely assesses and collects illegal fees from West Virginia borrowers in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). (*See* ECF No. 20 at ¶¶ 95–115.) The seven individual claims allege violations of the WVCCPA (claims one through three); breach of contract (claim four); a violation of West Virginia Code § 38-1-15 (claim five); fraudulent inducement (claim six); and inducement by unconscionable conduct in violation of the WVCCPA (claim seven). (*See id.* at ¶¶ 116–145.)

On May 28, 2015, Nationstar filed a partial motion to dismiss the Amended Complaint. (ECF No. 17.) The Court granted in part and denied in part Nationstar's motion. (ECF No. 48.) Specifically, the Court dismissed Long's fifth claim in its entirety and dismissed Long's sixth and seventh claims in part to the extent that they were premised on the alleged illegality of Nationstar's capitalization of past-due interest as part of Long's loan modification. (*Id.* at 15.)

Nationstar filed the present motion for partial summary judgment on October 19, 2017, as to Long's first, third, fourth, sixth, and seventh individual claims, and, in part, on Long's second individual claim insofar as they are the based on allegations that were the subject of the class settlement. (ECF No. 76 at 2.) Nationstar also requests summary judgment on Long's class

claims, contending that Long cannot represent a class of individuals who were charged attorneys' fees because Long was never charged attorneys' fees. (*Id.* at 3.) Long subsequently filed a partial motion for summary judgment as to his class claims. (ECF No. 80.) Timely responses and replies were filed in both motions. (ECF No. 83; ECF No. 86; ECF No. 90; ECF No. 95.) Accordingly, both motions are fully briefed and ripe for review.

On October 27, 2017, Long filed a motion for class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2)–(b)(3) seeking to certify a class composed of individuals who suffered the injuries alleged in his class claims. (ECF No. 78.) Nationstar filed a timely response in opposition to Long's motion, (ECF No. 89), and Long filed a timely reply. (ECF No. 94.) As such, that motion is also fully briefed and ripe for review.

## II.    *LEGAL STANDARD*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. ANALYSIS

Federal Rule of Civil Procedure 23(c)(1) "affords a district court discretion to rule on a summary judgment motion before ruling on a class certification motion." *Rhodes v. E.I. du Pont de Nemours & Co.*, 657 F.Supp.2d 751, 756 (S.D. W. Va. 2011); *see* Fed. R. Civ. P. 23(c)(1) (Adv. Comm. Note (2003)). Accordingly, the Court will address the cross-motions for summary judgment prior to the motion for class certification because a decision on the merits necessarily affects the decision on class certification. *See Delebreau v. Bayview Loan Serv., LLC.*, 770 F.Supp.2d 813, 818–19 (S.D. W. Va. 2011); *Rhodes*, 657 F.Supp.2d at 756.

Cross-motions for summary judgment are reviewed separately if material facts are in dispute. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). Here, because material facts are in dispute, the Court will address each motion separately. Nationstar's partial motion for summary judgment seeks judgment as a matter of law on Long's individual and class claims while Long's partial motion for summary judgment only seeks judgment as a matter of law as to his class claims. As such, the Court will address Nationstar's motion before turning to Long's motion.

A. *Nationstar's Partial Motion for Summary Judgment*

In his Amended Complaint, Long alleges seven individual claims against Nationstar. (*See* ECF No. 20.) As stated above, claims one through four and, in part, six and seven of Long's Amended Complaint survived Nationstar's motion to dismiss. In its partial motion for summary judgment Nationstar seeks judgment as a matter of law on Long's individual and class claims. The court will address Nationstar's arguments as to Long's individual claims first.

1. Long's Individual Claims

Nationstar contends that Long's first, fourth, sixth, seventh, and, in part, second and third individual claims are barred by res judicata due to the *Triplett* Settlement discussed above. Nationstar further offers arguments pertaining to specific claims as to why it is entitled to judgment as a matter of law. The Court will address the res judicata argument first before turning to Nationstar's other, claim specific arguments.

a. *Res Judicata*

Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits in a prior lawsuit bars a second lawsuit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc., v. Shore*, 439 U.S. 322, 326 n.5 (1979). Res judicata is

an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Under West Virginia law, in order to assert res judicata, the following three elements must be present:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

*Blake v. Charleston Area Med. Ctr., Inc.*, 498 S.E.2d 41, 44 (W. Va. 1997). In reviewing these factors, the Fourth Circuit noted that "[t]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). Furthermore, "[t]he doctrine of res judicata bars claims that were 'raised and fully litigated' as well as claims that could have been litigated in the prior proceeding, 'regardless of whether they were asserted or determined.'" *Fugate v. Frontier W. Va., Inc.*, No. 2:17-cv-00559, 2017 WL 3065216, at *3 (S.D. W. Va. 2017) (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

Res judicata may be applied against class members if "invocation of the bar is consonant with due process." *Id.* (citing *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 436 (5th Cir. 1979)); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 379 ("[U]nder Federal Rule of Civil Procedure 23, all members of the class, whether of a plaintiff or a defendant class, are bound by the judgment entered in the action unless, in a Rule 23(b)(3) action, they make a timely election for exclusion."). This includes class actions where the preclusive action was resolved by a class settlement. *See In re MI Windows and Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 225 (4th Cir. 2017) (upholding district court decision enjoining plaintiff's claims where plaintiff claims were "covered by the final judgment and released by the settlement in the MDL"). The

"mandatory notice pursuant to subdivision (c)(2), together with any discretionary notice which the court may find it advisable to give under subdivision (d)(2), is designed to fulfill the requirements of due process to which the class action procedure is of course subject." *Johnson*, 598 F.2d at 436 (quoting 28 U.S.C.A. Rule 23 (Adv. Comm. Note) (internal quotation marks omitted)).

As discussed above, Nationstar's res judicata defense arises from the class action in *Triplett* in which Long was a named class member. (*See* ECF No. 75-1 at 266.) A Final Approval Order of the Settlement Agreement was entered in *Triplett* on October 16, 2012. (Case No. 3:11-cv-238 at ECF No. 78.) Pursuant to the Settlement Agreement, all class members who did not opt out of the class pursuant to the Notice released all claims they had or may have against Nationstar "arising out of, relating to, or in any manner concerning or involving claims related to late fees, demand letters, returned payments, or default-related fees" up until the Effective Date. (ECF No. 75-2 at ¶ 21.) The Effective Date was defined as 31 days after entry of the final approval order. (*Id.* at ¶ 8.) Thus, class members released all the above described claims up to November 16, 2012. *See, e.g.*, *Nawaz Raja v. Segan*, No. 1:13cv418, 2013 WL 12158106, at *1 n.2 (E.D. Va. June 17, 2013).

It is undisputed that the current action involves the same parties and same claims as in *Triplett*. However, Long appears to dispute that the class settlement constituted a final judgment on the merits. (*See* ECF No. 83 at 9.) Long argues that the settlement agreement falls under the purview of contract law and, because there was no meeting of the minds between Nationstar and the absent class members, the absent class members are not bound by the release provisions of the settlement agreement. (*Id.* at 10–13.) Specifically, Long contends that there is no evidence that absent class members had the same understanding of the time period covered by the release

provision because it was not fully explained in the Notice. (*Id.* at 13.) Long further argues that the *Triplett* settlement is inapplicable to the putative class members because Nationstar has continued to charge illegal fees in violation of paragraph 39 of the release which states that the agreement does not release claims arising out of the failure of either party to conform to the settlement. (*Id.* at 13–14.)

The Court does not find Long's arguments persuasive. Long does not offer, nor has the Court found, any legal authority to support his argument that there must be a "meeting of the minds" among absent class members and defendants for the class settlement to be binding. Long only cites to cases pertaining to contract disputes. (*See* ECF No. 83 at 10–11.) As stated above, for the purposes of res judicata, final orders approving a class settlement agreement are final judgments on the merits as long as due process is met. *See In re MI Windows and Doors, Inc., Prods. Liab. Litig.*, 860 F.3d at 225; *Martin v. Pahiakos*, 490 F.3d 1272, 1277 (11th Cir.2007). Due process is met through the Notice requirements of Rules 23 (c)(2) and (d)(2). *See Johnson*, 598 F.2d at 436 (quoting 28 U.S.C.A. Rule 23 (Adv. Comm. Note) (internal quotation marks omitted)). The Notice provided to class members and the Settlement Agreement clearly stated what rights the class members would be releasing if they chose not opt out of the class. (*See* Case No. 3:11-cv-238 at ECF No. 70-2.) Long does not dispute receiving this Notice or that he was given the opportunity to opt out of the class but chose not to. Furthermore, Nationstar has not been found to have not conformed to the settlement agreement.

Therefore, the Court **FINDS** that the *Triplett* settlement is a final judgment on the merits. Thus, Long released all claims as defined in the settlement agreement that took place on or before

November 16, 2012.[3]  *See Long v. Nationstar Mortg. LLC,* No. 2:15-cv-01202, 2016 WL 1229107, at *2 (S.D. W. Va. Mar. 28, 2016).   Accordingly, the Court **GRANTS IN PART** summary judgment on Long's first, sixth, and seventh individual claims as they are based on allegations that Nationstar unlawfully contracted for excess charges during Long's loan modification, which occurred in October 2009.   (*See* ECF No. 20 at ¶¶ 117, 137, 142.)   The Court also **GRANTS IN PART** summary judgment on Long's second,[4] third, and fourth individual claims insofar as they allege that Nationstar unlawfully charged fees or refused payments before November 16, 2012.

### b.  *Claims Specific Arguments*

Nationstar argues that Long's third and fourth individual claims lack merit because Nationstar did not improperly return payments or unlawfully charge attorneys' fees to Long.   (*See* ECF No., 76 at 17–20.)   The Court will address the arguments as to these claims individually.

### i.  *Long's Third Individual Claim*

In his third individual claim, Long alleges that Nationstar improperly refused to credit payments it received from Long against the amount due in violation of West Virginia Code § 46-A-2-115(c).   (*See* ECF No. 20 at ¶128.)   Specifically, Long alleges that Nationstar returned payments four times in the summer of 2014.   (ECF No. 83 at 19.)   Nationstar argues that every payment it returned to Long after the Effective Date was received within the reinstatement period and therefore properly returned.   (ECF No. 76 at 17.)

---

[3] The Court originally rejected the res judicata argument in its memorandum opinion and order on Nationstar's motion to dismiss because Nationstar had not provided proof that the settlement notice was sent to Long.  *See Long*, 2016 WL 1229107, at *6.   However, Nationstar has subsequently shown that Long was included on the mailing list of absent class members and that the Notice was sent to his mailing address.   (*See* ECF No. 75-1 at 266; ECF No. 91-1 at ¶ 8.)

[4] In its reply, Nationstar clarifies that it is not seeking summary judgment as to Long's second claim insofar as it is related to phone calls allegedly made after the Effective Date.   (ECF No. 86 at 14.)

Section 46A-2-11(c) provides the following:

> All payments made to a creditor in accordance with the terms of any consumer credit sale or consumer loan shall be credited upon receipt against payments due: *Provided,* That amounts received and applied during a cure period will not result in a duty to provide a new notice of right to cure: *Provided, however,* That partial amounts received during the period set forth in subdivision (3) subsection (b) of this section do not create an automatic duty to reinstate and may be returned by the creditor. Default charges shall be accounted for separately. Those recoverable charges set forth in said subsection arising during the period described therein may be added to principal.

§ 46-A-2-115(c). The "reinstatement period" covers the "period beginning with the trustee notice of foreclosure and ending prior to foreclosure sale." *Kesling v. Countrywide Home Loans, Inc.*, No. 2:09–588, 2011 WL 227637, at *3 (S.D. W. Va. Jan. 24, 2011) (citing § 46A–2–115(b)). "Thus, § 46A–2–115 requires a lender of a consumer loan to credit any full or partial payments received from the borrower, subject to the exception that a lender may reject partial payments received after the foreclosure process has begun." *Id.*

On August 26, 2013, Long's home was scheduled for a foreclosure sale. (*See* ECF No. 76 at ¶ 24.) On February 11, 2014, Long tried to reinstate his loan by sending Nationstar missed installment payments. (*Id.* at ¶ 26.) Although Long made partial payments, Nationstar states, and Long does not dispute, that it did not receive the full payment owed prior to March 13, 2014. (*Id.*) Therefore, Nationstar returned the partial payment to Long. (*See id.* at ¶ 29.) This pattern continued throughout the summer and fall of 2014. (*See id.* at ¶¶ 30-31.) Nationstar attached to its motion letters and returned checks that it sent to Long stating that the checks were being returned due to the amount being insufficient to cure the default on the loan. (*See* ECF No. 75-1 at Exs. I, J, K, and L; *see also* 90-4 at ¶¶ 12–13.)

13

Long does not dispute that the payments were returned during the reinstatement period. Instead, Long asserts that Nationstar's prior dealings with him "begs the question" whether the payments would have been sufficient to cure the loan default if Nationstar had not sought legal fees. (ECF No. 83 at 19.) However, Long does not provide any evidence to rebut Nationstar's assertions that his payments were returned do to their insufficiency. Long only points to the payoff statement that included $554.44 in attorneys' fees. (*See* ECF No. 83 (citing 83-7 (Payoff Quote)).) However, Nationstar never sent this payoff statement to Long and instead sent him an amended statement without the attorneys' fees. (*See* ECF No. 75-1 at 251 (Am. Payoff Quote).) Therefore, the Court finds that Nationstar remitted payments during the reinstatement period as allowed under § 46-A-2-115(c). Accordingly, the Court **GRANTS IN PART** Nationstar's partial motion for summary judgment insofar as it requests judgment as a matter of law on Long's third individual claim.

### ii. Long's Fourth Individual Claim

In his fourth claim, Long alleges that Nationstar breached its contract with Long by improperly charging and collecting attorneys' fees. (*See* ECF No. 20 at ¶ 132.) Specifically, Long alleges that Nationstar attempted to collect attorneys' fees from him in August 2013 and October 16, 2014 in violation of West Virginia Code § 46-A-2-115(a) and (b) and in breach of its contract. (*See* ECF No. 20 at ¶¶ 75, 93, 132.) Nationstar argues that this claim fails as a matter of law because Nationstar did not collect or attempt to collect attorneys' fees from Long. (*See* ECF No. 76 at 19.)

Under West Virginia law, the contract controlling a borrower and a loan servicer's dealings includes the promissory note, Deed of Trust, any loan modification agreement, and the laws

applicable at the time. *See Cabot Oil & Gas Corp. v. Huffman*, 705 S.E.2d 806 (W. Va. 2010) ("The laws which subsist at the time and place where a contract is made and to be performed enter into and become a part of it to the same extent and effect as if they were expressly incorporated in its terms." (quoting *Franklin Sugar Ref. Co. v. Martin-Nelly Grocery Co.*, 119 S.E. 473, 474 (1923) (internal quotation marks omitted)).

West Virginia Code § 46-A-2-115(a) and (b) provides, in relevant part, the following:

> (a) Except for reasonable expenses, including costs and fees authorized by statute incurred in realizing on a security interest, the agreements that evidence a consumer credit sale or a consumer loan may not provide for charges as a result of default by the consumer other than those authorized by this chapter.
>
> (b) With respect to this subsection:
>
> . . .
>
> (2) Except as provided in subdivision (3) of this subsection, the agreements that evidence a consumer loan may permit the recovery of the following charges: (A) Costs of publication; (B) an appraisal fee; (C) all costs incidental to a title examination including professional fees, expenses incident to travel and copies of real estate and tax records; (D) expenses incidental to notice made to lienholders and other parties and entities having an interest in the real property to be sold; (E) certified mailing costs; and (F) all fees and expenses incurred by a trustee incident to a pending trustee's sale of the real property securing the consumer loan.

§ 46-A-2-115(a), (b)(2).

Here, the Deed of Trust provides that the provisions in the agreement requiring the borrower to pay attorneys' fees are void. (ECF No. 83-1 at ¶ 25.) Additionally, under § 46-A-2-115(a) and (b), Nationstar cannot collect or attempt to collect attorneys' fees from Long. However, a genuine issue of material fact exists as to whether Nationstar did collect or attempt to collect attorneys' fees. Nationstar asserts that the transactional and collection histories of Long's loan show that Nationstar did not demand any attorneys' fees from Long. (ECF No. 76 at 19.)

15

However, Long asserts in his affidavit that during the phone call on August 26, 2013, Nationstar requested $1,500 in attorneys' fees. (*See* ECF No. 83-2 at ¶ 52.)

Although the Court agrees with Nationstar that the transactional history does not show that Long paid attorneys' fees on that date, the Court cannot find that Nationstar never requested attorneys' fees. Long relies on his affidavit and the collection history to show that a conversation occurred on August 26, 2013 in which attorneys' fees were requested and that there is a quote for attorneys' fees on his collection history. (*See* ECF No. 75-1 at 167–168.) Nationstar, relying on an affidavit from its Senior Principal of Litigation, asserts that the appearance of the charge on the collection history does not mean that the quote was provided to Long. (ECF No. 90-4 at ¶ 9.) However, the Court has no means of deciphering the codes and data in the transactional and collection history to determine if Nationstar can conclusively rebut Long's affidavit. Therefore, given this record, the Court **FINDS** that there is a genuine issue of material fact as to whether Nationstar requested attorneys' fees after the Effective Date. Accordingly, the Court **DENIES IN PART** Nationstar's partial motion for summary judgment insofar as it requests judgment as a matter of law on Long's fourth individual claim.

2. Long's Class Claims

As discussed more fully below, the Court declines to certify Long's proposed class. As Long's class claims are dependent on a class being certified, the Court **DISMISSES** Long's class claims. Therefore, the Court finds it unnecessary to address Nationstar's arguments as to the merits of Long's class claims. Accordingly, the Court **DENIES IN PART AS MOOT** Nationstar's partial motion for summary judgment insofar as it seeks judgment as a matter of law on Long's class claims.

In sum, the Court **GRANTS IN PART** Nationstar's partial motion for summary judgement insofar as it seeks judgment as a matter of law on Long's first, third, sixth, and seventh individual claims and, in part, on Long's second claim. The Court **DENIES IN PART** Nationstar's partial motion for summary judgment insofar as it seeks judgment as a matter of law on Long's fourth individual claim and Long's class claims.

### B. Long's Partial Motion for Summary Judgment

In his partial motion for summary judgment, Long contends that he is entitled to judgment as a matter of law on all three of his class claims. (*See* ECF No. 82.) As discussed more fully below, the Court declines to certify Long's proposed class and **DISMISSES** Long's class claims. Accordingly, the Court **DENIES AS MOOT** Long's partial motion for summary judgment.

### C. Long's Motion for Class Certification

In his motion for class certification, Long asks the Court to certify a class defined as the following:

> [A]ll natural persons with a residential mortgage loan on property in West Virginia which was, is, or will be serviced by Nationstar on or after July 2, 2011 ("borrowers") IF:
>
> (i) on or after that date, Nationstar posted any sum for or characterized by Nationstar as attorney fees, or legal fees, or a non-itemized sum including attorney fees or legal fees, as a debit owed on that Nationstar mortgage loan account; and/or
>
> (ii) Nationstar's records relating to a borrower's account document that on or after that date Nationstar informed the borrower that the borrower must pay, or is obligated to pay, or will be charged any sum for or characterized by Nationstar as attorney fees, or legal fees, or a non-itemized sum including attorney fees or legal fees, at any time before completion of a trustee's sale of the property securing that account; and/or
>
> (iii) Nationstar's records relating to a borrower's account document that on or after that date, Nationstar applied any funds received from the borrower to payment of any sum for or characterized by Nationstar as attorney fees, or legal fees, or a non-

itemized sum including attorney fees or legal fees at any time before completion of a trustee's sale of the property securing that account; and/or

(iv) Nationstar's records relating to a borrower's account document that on or after that date, the borrower otherwise paid or was required to pay any sum for or characterized by Nationstar as attorney fees, or legal fees, or a non-itemized sum including attorney fees or legal fees, at any time before completion of a trustee's sale of the property securing that account –

PROVIDED THAT the class does not include any person who:
(i) received a Chapter 7 bankruptcy discharge before the date of this motion, or
(ii) had a Chapter 13 plan confirmed in bankruptcy before the date of this motion, or
(iii) had the last scheduled payment on the mortgage serviced by Nationstar due on a date prior to March 27, 2014 (unless a claimed deficiency remains unpaid), or
(iv) who paid off the mortgage serviced by Nationstar in full on a date prior to March 27, 2014.

(ECF No. 81 at 1–2.) Long also requests that his counsel be appointed as class counsel. (*Id.* at 2.)

Federal Rule of Civil Procedure 23 sets the standard for class certification. Under Rule 23, class certification is a two-step process. First, the district court must find the following:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, the action must also fall within one of three categories of class actions described in Rule 23(b). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 344 (2011).

Rule 23(b) provides that a class action satisfying Rule 23(a) "is satisfied if: . . . (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

whole . . . ." Fed. R. Civ. Pro. 23(b)(2). Subsection (b)(3) further provides the Court must find the following:

> that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

A court has considerable discretion in certifying a class action, and the party seeking certification has the burden of proving compliance with Rule 23. *Monroe v. City of Charlottesville*, 579 F.3d 380, 384 (4th Cir. 2009) (citing *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006)). The Fourth Circuit has instructed district courts to give Rule 23 "a liberal rather than a restrictive construction" with the goal in each particular case to "best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Healthplan Serv., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (quoting *In re A.H. Robins*, 880 F.2d 709, 740 (4th Cir. 1989)). But, "actual, not presumed, conformance" with Rule 23 is indispensable, and the district court must undertake a "rigorous analysis" to ensure that all the Rule's requirements are satisfied. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982).

Long contends that he has met the Rule 23(a) prerequisites for class certification. (ECF No. 81.) Long also contends that this action is appropriate for certification under Rule 23(b)(2) and 23(b)(3). For the reasons discussed more fully below, the Court finds flaws in Long's ability

to represent the purported class under the commonality, typicality, and adequacy of representation requirements.

1. Commonality

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." A plaintiff must demonstrate that class members share an injury and depend upon a common contention. *See Dukes*, 564 U.S. at 349. There also must be common answers that will provide the litigation's resolution. *See id.* at 350. Further, "[w]hen, as here, a class action is brought pursuant to Rule 23(b)(3), the Rule 23(a)(2) commonality requirement is subsumed under, or superseded by, Rule 23(b)(3)'s more stringent 'requirement that questions common to the class predominate over other questions.'" *Wymer v. Huntington Bank Charleston*, No. 3:10–0865, 2011 WL 5526314, at *3 (S.D. W. Va.) (quoting *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 n. 4 (4th Cir.2001) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 609 (1997) (internal quotation marks omitted))). Thus, "common questions must predominate over any questions affecting only individual members . . . such that a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated." *Amchem Prods.*, 521 U.S. at 615.

Long contends that the commonality requirement is satisfied here because Long alleges that he and each absent member of the class has been or will be subjected to charges for attorneys' fees, legal fees, or un-itemized sums including attorneys' fees in violation of the WVCCPA. (ECF No. 81 at 14–15.) Long further asserts that Nationstar's servicing records will answer whether all class members have suffered the common injury. (*Id.* at 15.)

Nationstar argues that a review of its servicing records will not simply provide a common answer as to whether all class members were charged attorneys' fees. (ECF No. 89 at 16.) Nationstar asserts that whether a West Virginia borrower was charged attorneys' fees requires a "painstaking review of each individual account, including the Customer History Profile, Detail Transaction History, correspondence, and data stored on [two databases]." (*Id.*) Because this is an individualized inquiry, Nationstar asserts that class certification is not appropriate. (*Id.*) Nationstar further argues that the above individualized inquiry demonstrates that the class mechanism is not superior to other available methods of adjudication. (*Id.* at 17.)

Here, the question that Long seeks to have answered is whether Nationstar continued to improperly charge attorneys' fees or other legal fees after the *Triplett* settlement. (*See* ECF No. 14–15.) The resolution of that question will differ as to each individual class member and thus cannot be said to be an answer common to the class as a whole. Furthermore, although Nationstar was the sole actor, the injuries to proposed class members' injuries do not derive from a unitary course of conduct. *See, e.g.*, *Eversole v. EMC Mortg. Corp.*, No. 05–124, 2007 WL 1558512, at *9 (E.D. Ky. May 29, 2007) (finding commonality was not met where proof of liability required individualized proof for each plaintiff regarding their loan documents and specific transactions with the defendant). Nationstar serviced each class member's loan differently according to the individualized circumstances of that loan. Therefore, a determination of whether Nationstar charged or requested attorneys' fees from any class member will require submissions of individual loan servicing records and individual communications with those class members. *See, e.g., Garrido v. Money Store*, 649 F. App'x 103, 105 (2d Cir. 2016) (finding that, in a fraud case, class certification was improper because whether borrowers were fraudulently charged attorneys' fees

depended on submission of proof of the statements made to each borrower and the nature of the varying material misrepresentations and reliance).  Compare the present case with *Peoples v. Wendover Funding, Inc.*, in which the court found that the commonality requirement was met because, although each class member had a mortgage agreement that defendant may have violated by sending standard notices, the virtually identical nature of the notices precluding any need to analyze each class member's claim.  179 F.R.D. 492, 498 (D. Md. 1998).  Accordingly, Long has not satisfied the commonality requirement.

### 2. Typicality

Rule 23(a)(3), known as the typicality requirement, supports class certification when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. Pro. 23(a)(3).  It goes "to the heart of a representative parties' ability to represent a class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements."  *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006) (citing A*mchem Prods.*, 521 U.S. at 626 n.20).  The named plaintiffs must prosecute their own case while simultaneously advancing the absent class members' interests.  *See id.*  Therefore, "plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim."  *Id.*  A court must compare "plaintiffs' claims or defenses with those of absent class members."  *Id.* at 467.

Long asserts that the typicality requirement is met here because he, along with other class members, has been subjected to charges for attorneys' fees and that his claims and the other class members' claims arise from the same "shared course of conduct by Nationstar."  (ECF No. 81 at 16.)  Nationstar contends that Long's claims are atypical because he released his claims for

improper charge of attorneys' fees through the Effective Date of the *Triplett* settlement and there is no evidence that Nationstar charged Long for attorneys' fees after the Effective Date of the settlement.   (ECF No. 89 at 18–19.)

As stated above, the Court finds that there is a genuine issue of material fact as to whether Nationstar requested attorneys' fees from Long after the Effective Date of the *Triplett* settlement. *See supra* Part III.A.1.a.   Additionally, it is undisputed that Long is not among the nineteen listed borrowers who Nationstar's records show were charged attorneys' fees.   (*See* ECF No. 81 at 9; ECF No. 89 at 1–2.)   Furthermore, as discussed more fully above, the Court finds that Long released his claims against Nationstar through November 16, 2012.   However, the class Long seeks to represent includes claims after July 2, 2011.   (*See* ECF No. 81 at 1.)   Therefore, even if Long was included in the list of borrowers who were charged attorneys' fees, he would be precluded from bringing claims that occurred on or before the Effective Date.   Thus, proving Long's claims will not advance the claims of class members who was charged attorneys' fees before November 16, 2012 who were not part of the *Triplett* settlement.   *See Soutter v. Equifax Info. Servs., LLC*, 498 F.App'x 260, 265 (4th Cir. 2012) (finding that plaintiff's claim was atypical because the proof for her claim did not advance the claim of other class members).   Accordingly, the Court finds that the typicality requirement has not been met.   *See, e.g.*, *Wymer*, 2011 WL 5526314, at *5 (finding that plaintiff's claim was atypical because plaintiff had gone through bankruptcy, creating an issue that would predominate litigation); *Eversole*, 2007 WL 1558512, at *10 (finding that typicality was not met where plaintiff was not charged the same fees as the other class member and defendant had a defense to plaintiff's claims that was applicable to the claims of other class members).

3.  Adequacy of Representation

Rule 23(a)(4) ensures that the named parties "fairly and adequately protect the interests of the class."  Fed. R. Civ. Pro. 23(a)(4).  There are two basic guidelines that frame the Court's review of the adequacy of representation requirement.  They are 1) the absence of conflict between the representative and members of the class and 2) the assurance that the representative will vigorously prosecute the matter on behalf of the class.  *See Shiring v. Tier Technologies, Inc.*, 244 F.R.D. 307, 315 (E.D. Va. 2007); *Black v. Rhone-Poulenc, Inc.*, 173 F.R.D. 156, 162 (S.D. W. Va. 1996); *see also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) ("The adequacy requirement mandates an inquiry into . . . the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees[.]").  The Supreme Court has stated that the adequacy of representation requirement "tend[s] to merge" with the commonality and typicality requirements, which "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

For the same reasons that the Court finds that Long's claims are atypical to class members, the Court also finds that Long is an inadequate representative of the purported class.  Because Long released his claims that accrued on or before November 16, 2012, he cannot be said to represent adequately class members whose claims stem from that time period.  *See Wymer*, 2011 WL 5526314, at *5 ("The named plaintiff must be an appropriate class representative of the class claims, and Rule 23's requirements 'effectively limit the class claims to those fairly encompassed

by the named plaintiff's claims.'" (quoting *Wal-Mart*, 564 U.S. at 348 (internal quotation marks and citations omitted))).   Furthermore, there are genuine issues of material fact as to whether Long is even part of the purported class.   Accordingly, the Court finds that the adequacy of representation requirement has not been met.

Because the Court finds that Long has not met the commonality, typicality, or adequacy of counsel requirements for class certification, the Court finds that it is not necessary to address the other Rule 23(a) or 23(b) elements.   Accordingly, the Court **DENIES** Long's motion for class certification.   (ECF No. 78).

## IV.   *CONCLUSION*

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for partial summary judgment.   (ECF No. 75).   The Court further **DENIES** Plaintiff's motion for partial summary judgment, (ECF No. 80), and Plaintiff's motion for class certification.   (ECF No. 78.)   This action will proceed against Nationstar on Long's second individual claim, insofar as it is related to phone calls allegedly made after the Effective Date, and Long's fourth individual claim insofar as it is related to the request or charging for attorneys' fees after the Effective Date.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     March 9, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE